## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

RALPH JUAREZ,

      Plaintiff,

v.                                                                                  No. CIV-07-878 WJ/KBM

MIKE HOLLY, in his individual capacity.
MARK LUJAN, in his individual capacity,
SHANNON BRADY, in her individual capacity,
MICHAEL OLIVER, in his individual capacity,
THE BOARD OF COUNTY COMMISSIONERS
OF VALENCIA COUNTY, and VALENCIA
COUNTY SHERIFF,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE RULING ON SUMMARY JUDGMENT MOTION BASED ON QUALIFIED IMMUNITY, and GRANTING PLAINTIFF'S REQUEST FOR DISCOVERY UNDER RULE 56(F)

THIS MATTER comes before the Court upon Defendant Michael Oliver's Motion for

Summary Judgment, based on Qualified Immunity, filed December 5, 2007 (**Doc. 24**).[1] Having

considered the parties' briefs and the applicable law, I find that Defendant's motion is denied

without prejudice, and that Plaintiff's request for discovery pursuant to Rule 56(f) is well-taken

and will be granted.

### Background

Plaintiff is suing Defendants for his arrest and wrongful confinement based on mistaken

identity.  He was arrested on an outstanding felony warrant issued for a Jose Navarro, who was

_____

[1]  Defendant states that other Defendants concur in this motion.

purportedly using an alias of Ralph Juarez.  Plaintiff, who really *is* Ralph Juarez, was held at the Valencia County Detention Center for thirty-two days before his release.

The Complaint contains four Counts: Count I asserts unlawful detention and arrest in violation of Fourth and Fourteenth Amendments against Individual Defendant Officers.  Count II alleges unlawful deprivation of liberty without due process in violation of the Fourteenth Amendment against all Defendants.  In Count III, Plaintiff brings state tort claims against all Defendants.  Count V (the Amended Complaint omits a Count IV) alleges negligence claims against Defendants Oliver, Board of County Commissioners of Valencia County ("Board") and the Valencia County Sheriff's Office.

As to Defendant Oliver ("Defendant," for purposes of this motion), Plaintiff asserts three of these counts: (1) that Defendant deprived Plaintiff of his Fourteenth Amendment due process rights for thirty-two days by willfully failing to investigate Plaintiff's identity (Count II); (2) that Defendant held Plaintiff in custody without legal authority, thereby falsely imprisoning Plaintiff (Count III); and (3) that Defendant was negligent in breaching a duty he owed to Plaintiff (Count V).  Defendant seeks qualified immunity on these claims, contending that no clearly established law imposed a duty on Mr. Oliver to independently investigate Plaintiff's claims of mistaken identity; that Plaintiff was detained under lawful authority; and that Plaintiff fails to state a claim for his assertions of negligence.

In response to the motion, Plaintiff moves for a denial of the summary judgment motion pursuant to Fed.R.Civ.P. 56(f), contending that discovery is required in order for him to present facts essential to its opposition to summary judgment.  Defendant contends that there is no need to conduct discovery on these issues.  The Complaint was filed on September 6, 2007.  Before

2

any initial disclosures or discovery could be undertaken, Defendant filed this summary judgment motion, and the Court granted Defendant's motion to stay discovery (Doc. 36, Jan. 8, 2008). Thus, the Court must consider whether discovery on the narrow issue relating to qualified immunity should go forward, or whether Plaintiff's request should be denied, and instead allow Plaintiff an opportunity to respond to the summary judgment without further discovery.

### Discussion

I.     **Legal Standard**

Defendant Oliver contends that he is entitled to qualified immunity on Plaintiff's claims. DeSpain v. Uphoff, 264 F.3d 965 (10th Cir. 2001). When a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show the defendant is not entitled to immunity. Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001). To overcome a qualified immunity defense, a plaintiff must first establish a violation of a constitutional or statutory right and then show that the right was clearly established. Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996).

If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity. Albright v. Rodriguez, 51 F.3d 1531, 1535 (10th Cir.1995). If the plaintiff meets his burden of coming forward with facts or allegations which would demonstrate that the defendant's alleged violation should have been apparent in light of preexisting law, then the defendant assumes the normal summary judgment burden of establishing that no material facts remain in dispute that would defeat its claim of qualified immunity. See, Woodward v. City of Worland, 977 F.2d 1392, 1396-97 (10th Cir. 1992). In determining whether summary judgment is appropriate, the Court considers the facts and all reasonable inferences drawn therefrom in a

light most favorable to the nonmoving party. Hollander v. Sandoz Pharmaceuticals Corp., 289
F.3d 1193, 1214 (10th  Cir.2002).

Plaintiff has filed an affidavit under Fed.R.Civ.P. 56(f), seeking additional time to conduct
discovery relevant to the issues raised in the instant motion.  See Weir v. Anaconda Co., 773 F.2d
1073, 1081 (10th Cir.1985) (upon the filing of a 56(f) affidavit, the district court has the
discretion to order a continuance to permit additional discovery or the filing of affidavits).
Plaintiff, as the moving party, has the burden of showing the requisite basis for relief under Rule
56(f).  See, Summers v. Leis, 368 F.3d 881, 887 (6th Cir. 2004). Recognizing that a Rule 56(f)
motion should be treated liberally, see Jensen v. Redevelopment Agency of Sandy City, et al, 998
F.2d 1550, 1553 (10th Cir. 1993), I find that Plaintiff's request has merit and will be granted.

Plaintiff notes, correctly, that while the facts presented in the motion are undisputed, the
essential material facts are missing from the statement of facts selected by the Defendant.  The
missing facts relate to the lawfulness and reasonableness of Defendant Oliver's acts during the
thirty-two days Plaintiff was held in custody.  I agree with Plaintiff that there is a lack of factual
record which unquestionably unquestionably should be developed on these issues.

A.      Existing Undisputed Facts

According to Plaintiff's allegations, which the Court must view favorably, Plaintiff was
traveling through Belen, New Mexico on September 12, 2005, when he came upon a crime scene
investigation, and stopped to ask the officers at the scene for directions.  During the stop,
Valencia County Sheriff's Deputies (who are named Defendants in this action), began asking
Plaintiff questions. Plaintiff gave his information and his name, Ralph Juarez, along with an Armed
Forces identification, a Texas identification card, and a social security card.  The military

4

identification listed the name Ralph Juarez and a birth date of August 1, 1976.  The number on the

social security card matched his military identification.  The officers ran his name through the

computer system, but found only a "no stopping" violation in Texas.  Plaintiff consented to a

search of his car, and commented that the officers were crazy if he though he had anything to do

with the crime the officers were investigating.  At that point, the officers got angry, and forced

Plaintiff out of his car at gun point.  They ran Plaintiff's information again, and accused Plaintiff of

actually being Jose Navarro and using the alias of Ralph Juarez.  Plaintiff was arrested, all the

while protesting that he was not Jose Navarro and offering various picture identification.

Plaintiff saw a magistrate judge by video on September 14, 2005.  Plaintiff refused to

waive extradition to Texas because he was not Jose Navarro.  The judge transferred the matter to

district court, and Plaintiff was held in Valencia County Detention Center ("VCDC"), all the while

asserting he was not Jose Navarro.

Twelve days later, on September 26, 2005, while Plaintiff was still in solitary confinement,

the law firm of Kennedy & Han, P.C., through Paul Kennedy, sent a letter to Defendant Oliver.

This fact is not disputed, although Defendant does not recall receiving the letter.  In the letter, Mr.

Kennedy noted that Plaintiff had already provided proof of identity through his military

identification, and his discharge papers from the United States Marine Corps. Mr. Kennedy

informed Defendant that the jail had sufficient time to determine that Ralph Juarez was not Jose

Navarro, either through fingerprints or mug shot comparisons.

One month after his arrest and more than two weeks after Mr. Kennedy's letter was sent

to Defendant Oliver's attention, Plaintiff was still being held in solitary confinement in VCDC .

On October 12, 2005 – finally – the Texas authorities faxed over a mug shot of Jose Navarro,

confirming that Plaintiff was not the wanted felon.  Plaintiff was released on October 14, thirty-two days after his arrest.

B.      Whether Discovery is Warranted Under Rule 56(f)

Rule 56(f) requires that a party seeking to invoke its protection file an affidavit stating with specificity how "the desired time would enable [the nonmoving party] to meet its burden in opposing summary judgment." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir.1986).  Plaintiff seeks discovery specific to Defendant Oliver's responsibilities as Administrator of the Valencia County Detention Center, in order to develop the record with facts that may have some bearing on the issue of whether Defendant is entitled to qualified immunity.

The thrust of Defendant's argument is that Plaintiff was being held pursuant to the magistrate judge's hold order, and that Defendant Oliver had no duty under federal law to investigate Plaintiff's claims that he was not Jose Navarro.  Under this line of reasoning, Plaintiff could have been held for months -- even years -- with Defendant Oliver having absolutely no obligation of any kind, at any time, to inquire whether Plaintiff was the person whom he claimed to be.

By its very name, the defense of qualified immunity is "qualified," not absolute.  At the heart of a qualified immunity inquiry is whether a public official's actions were "objectively reasonable" in light of the law and the information he possessed at the time.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad.  Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense or discovery permitted in cases where the defendant is clearly entitled to immunity would certainly

fall within this category.  <u>Garrett v. Stratman, M.D.</u>, Garrett v. Stratman 254 F.3d 946, 953 (10th Cir. 2001).

Defendant's entitlement to qualified immunity depends on not only whether the relevant law was clearly established at the time, but the reasonableness of Defendant's actions under the existing law.  Critical questions arise which cannot be answered in a vacuum, for example:  As Administrator of the detention center where Plaintiff was being detained, did Defendant Oliver have any responsibilities toward Plaintiff, and if so, where did these responsibilities begin and end?  Was it reasonable for the Valencia County Sheriff's Office not to request a mug shot of the wanted fugitive from the appropriate authorities for a month into Plaintiff's detainment? Was Defendant's inaction regarding a confirmation of Plaintiff's identity reasonable in light of the identification documents which Plaintiff had provided, i.e., papers establishing that Plaintiff was a member of the United States Marine Corps., and all containing consistent information? Was it reasonable that no questions were raised about Plaintiff's identification -- questions that should have led to further inquiry or investigation, particularly after having received  Mr. Kennedy's letter?[2]

These questions cannot be answered without obtaining the material facts.  Since no discovery has been conducted, Plaintiff is at an obvious disadvantage responding to Defendant's summary judgment motion.  To determine whether Defendant Oliver had a duty to verify the identify of a fugitive in custody, certain information will be relevant, such as the job description of the Valencia County jail administrator as it applied to Defendant Oliver; and the policies and

---

[2]  An apparent dispute regarding whether Defendant received the letter only emphasizes the need for further development of the record, including what Defendant Oliver's duties were to Plaintiff upon receipt of said letter.

procedures regarding how detainees and prisoners are booked into the VCDC, including but not limited to fingerprinting, mug shots, and DNA samples from those convicted of sexual crimes.

In allowing additional discovery upon a party's affidavit requesting certain discovery pursuant to Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits against government officials should be resolved prior to discovery and on summary judgment if possible. Jones v. City & County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988), (citing Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987)). Thus, until the threshold immunity question is determined, discovery must be limited to resolving that issue alone, Lewis v. City of Ft. Collins, 903 F.3d 752, 754 (10th Cir. 1990), and narrowly tailored to uncover only those facts needed to rule on the qualified immunity issue. Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (citing Lewis at 754).

Plaintiff describes the contours of the proposed discovery in his response on page 7, and in an accompanying affidavit. Resp., Ex. A (Rule 56(f) Affidavit). The Court finds the extent of the proposed discovery to be warranted, reasonable, and certainly within the boundaries allowed once a qualified immunity defense has been raised. See, Lewis v. City of Fort Collins, 903 F. 2d 752 (10th Cir. 1990) (Rule 56 affidavit must explain how the proposed discovery will enable plaintiff to rebut a defendants prima facie showing or showing of objective reasonableness). The factual areas which will be explored are relevant and specific to whether Defendant Oliver knew or should have known that he was holding the wrong person, what his responsibilities were as Administrator of VCDC , and under those facts, whether Defendant is entitled to qualified immunity under law that was clearly established at the time.

**Conclusion**

As a public official, Defendant may be entitled to the defense of qualified immunity. However, Plaintiff has satisfied his burden of showing the requisite basis for relief under Rule 56(f). Having found that discovery related to the issue of qualified immunity is warranted, the Court shall deny Defendant's motion for summary judgment without prejudice.  The Court recognizes that, following discovery, Defendant may wish to re-file the same – or a different – summary judgment motion, to which Plaintiff may then respond.

I will refer this matter to Magistrate Judge Karen B. Molzen to handle matters related to the assignment of deadlines for discovery which is narrowly tailored to uncover only those facts needed to rule on the qualified immunity issue, as well as for dispositive motions, including motions that raise a qualified immunity defense.

I realize that counsel for Defendant Oliver does not represent the other named Defendants. However, in the interest of efficiency for the parties as well as the Court, I am ordering that parties should meet, confer and shall advise Judge Molzen whether similar limited discovery should proceed as to these other Defendants, in the event that other Defendants anticipate raising the qualified immunity defense. Counsel are hereby put on notice that I do not intend to deal with the discovery issues relating to qualified immunity separately with respect to each Defendant.

**THEREFORE,**

**IT IS ORDERED** that Defendant Michael Oliver's Motion for Summary Judgment, based on Qualified Immunity **(Doc. 24)** is DENIED WITHOUT PREJUDICE;

**IT IS FURTHER ORDERED** that Plaintiff's request for discovery pursuant to Rule 56(f) is hereby GRANTED for reasons set forth in the above Memorandum Opinion;

**IT IS FURTHER ORDERED** that the STAY entered in this case (**Doc. 36**) is LIFTED for the limited purpose of allowing discovery narrowly tailored to uncover only those facts needed to rule on the qualified immunity issue;

**IT IS FURTHER ORDERED** that this action is REFERRED to Magistrate Judge Karen B. Molzen for the assignment of deadlines for discovery on the qualified immunity issue and for dispositive motions, including those that raise a qualified immunity defense; and finally, that parties should meet and confer to consider whether limited discovery should proceed related to any proposed qualified immunity defenses which other Defendants may raise, and that such considerations be taken into account in the scheduling order.

_____
UNITED STATES DISTRICT JUDGE